IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MID-AMERICA APARTMENTS, L.P.**                                  **PLAINTIFF**

**vs.**                                        **CIVIL ACTION No.: 3:15-CV-802-HTW-LRA**

**CITY OF RIDGELAND, MISSISSIPPI**                             **DEFENDANT**

**ORDER STAYING CASE PENDING STATE COURT APPEAL**

BEFORE THIS COURT is the Notice of Supplemental Authority filed by the City of Ridgeland, Mississippi (hereinafter referred to as "the City"). [Docket no. 49]. By its notice, the City informs this court that the parties had engaged in litigation in the Circuit Court of Madison County, Mississippi (hereinafter referred to as "State Court"). The subject of said litigation encompassed many of the same issues that the parties are litigating in this federal forum – namely a challenge to the validity of the 2016 Zoning Ordinance Amendments which is at controversy here. The State Court upheld the ordinance in favor of the City, and plaintiff appealed the State Court decision to the Mississippi Supreme Court.

Recognizing that the appeal currently before the Mississippi Supreme Court encompasses many of the same issues in the lawsuit *sub judice* and, thus *res judicata* and/or issue preclusion, this court ordered the parties to inform this court why it should not enter a stay of this matter pending the Mississippi Supreme Court's decision. *See* [Text Only Order 3/25/2019][1].

---

[1] ORDER re (207 in 3:14-cv-00938-HTW-LRA) Notice (Other) filed by City of Ridgeland, Mississippi, (49 in 3:15-cv-00802-HTW-LRA) Notice (Other) filed by City of Ridgeland, Mississippi

TEXT ONLY ORDER. This court hereby cancels the telephonic status conference that it had previously set on March 25, 2019, at 4:00 p.m.. The City of Ridgeland has submitted supplemental authority which appears to this court to suggest a stay of this matter should be entered, pending the outcome of the ruling of the Mississippi Supreme Court. The parties have obtained an answer from the Madison County, Mississippi, Circuit Court of several questions which impact this courts ruling on various matters in this lawsuit. After such ruling by the State Court, the parties appealed that decision. Recognizing that such ruling may have a res judicata or collateral estoppel effect on this lawsuit, this court finds that a stay is appropriate pending a ruling from the Mississippi Supreme Court and desires to know if the parties agree. In lieu of the status conference, this court orders that the parties submit a response no later than 5:00 p.m. on March 25, 2019. NO FURTHER WRITTEN ORDER SHALL FOLLOW.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (Quoting *Landis* at 254–55).

The parties have since filed their responses. Plaintiff Mid-America Apartments, L.P. (hereinafter referred to as "Mid-America"), opposes such a stay, saying that this lawsuit *sub judice* is broader in scope than the lawsuit before the State Court and, now, before the Mississippi Supreme Court. According to Mid-America, the Mississippi Supreme Court has been presented with two issues: whether the 2016 Zoning Ordinance complies with the conciliation agreement between the City and the United States Department of Housing and Urban Development[2]; and whether the allegedly "updated repair provision included in the 2016 amendments is arbitrary, capricious, discriminatory, unconstitutional and otherwise unlawful." [Docket no. 50]. Mid-America says that the resolution of these two issues do not impact the ultimate resolution of this lawsuit.

The City has also responded, saying that it believes a stay in this lawsuit is appropriate. According to the City, the State Court ruled on several points of law which are outstanding in this lawsuit: that the amortization provision of the 2014 Zoning Ordinance no longer applies to the

---

Signed by District Judge Henry T. Wingate on 3/24/2019 (ab) (Entered: 03/24/2019)

[2] The United States Department of Housing and Urban Development is a Cabinet department in the Executive branch of the United States federal government. Although its beginnings were in the House and Home Financing Agency, it was founded as a Cabinet department in 1965, as part of the "Great Society" program of President Lyndon Johnson, to develop and execute policies on housing and metropolises. One of its offices, the Office of Fair Housing and Equal Opportunity, enforces Federal laws against discrimination based on race, color, religion, national origin, sex, disability and familial status.

plaintiffs; and that the 50% rule remained the same as it did under the 2001 Zoning Ordinance. Thus, says the City, the Mississippi Supreme Court's ruling will provide *res judicata* or collateral estoppel effect on the overarching issues in this lawsuit.

This court has reviewed the Order to Affirm the October 18, 2016, Amendments to the Official Zoning Ordinance of the City of Ridgeland. [Docket no. 207-1]. This court finds that the State Court addressed and ruled on the majority of the issues present in this lawsuit – if not tangentially on all issues. The State Court, in addition to the rulings cited by the City above, also ruled that the 10% Rule does not apply to Mid-America. The amortization provision of the 2014 Amendment is a major point of contention for Mid-America along with the application of the 50% Rule. The State Court has now ruled that both provisions are no longer applicable to Mid-America.

This court finds that the Mississippi Supreme Court's decision will ultimately guide this court's resolution of the City's Motion to Dismiss as Moot. The issues raised by the City's Motion to Dismiss as Moot and the State Court appeal are inextricably intertwined and will inform this court's decision. Accordingly, this court agrees with the City and finds that a stay of this lawsuit is appropriate.

**IT IS, THEREFORE, ORDERED that this lawsuit is hereby STAYED pending the outcome of the Mississippi Supreme Court's decision in the appeal of the Madison County, Mississippi, Circuit Court lawsuit.**

**SO ORDERED this the 26th day of March, 2019.**

          **s/ HENRY T. WINGATE**
          **UNITED STATES DISTRICT COURT JUDGE**